THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DION PAGE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, Chicago Police Sergeant PETER H. TOLEDO, <br><br> Defendants. | No. <br><br> *Jury Trial Demanded.* |

**COMPLAINT AT LAW**

NOW COMES Plaintiff DION PAGE, complaining of the Defendants, CITY OF CHICAGO, a municipal corporation; and Chicago Police Sergeant PETER H. TOLEDO, and states the following:

**JURSDICTION AND VENUE**

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

1

3. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4. At all times relevant herein, Plaintiff DION PAGE (hereinafter "Dion") was a resident of the CITY OF CHICAGO, County of Cook, State of Illinois, and a citizen of the State of Illinois.

5. Defendant PETER H. TOLEDO was at all times relevant, a sworn police officer/sergeant employed by Defendant CITY OF CHICAGO, and was acting within the scope of his agency, service and/or employment with the CITY OF CHICAGO, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant CITY OF CHICAGO is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all times relevant provided police services in the CITY OF CHICAGO through the Chicago Police Department.

7. At all times relevant, including on or about September 8, 2019, the Defendant, CITY OF CHICAGO, employed a force of police officers who served through the Chicago Police Department and who were assigned to work within various geographical areas within the CITY OF CHICAGO.

## FACTS

**8.** On or about September 8, 2019, Dion was walking southbound in an alley parallel to and behind LeClaire Avenue near its intersection with LeMoyne Street in Chicago, Illinois.

9. Also walking southbound in the alley was Shannon Williams (hereinafter "Shannon"), an acquaintance of Dion's.

10. While Dion and Shannon were walking, Defendant Toledo was driving an unmarked Chicago police vehicle in the alley.

11. Moments later, Defendant Toledo and other officers handcuffed and otherwise placed Dion and Shannon in police custody while refusing to explain why they were doing so.

12. Dion and Shannon remained handcuffed together, standing, in police custody, with no explanation, for over 30 minutes, while Defendant Toledo left the scene.

13. When Defendant Toledo returned, Dion and Shannon were placed under arrest. The arresting officers refused to explain why they were being arrested.

14. Only after Dion arrived at the police station did he learn that he had been arrested for burglary of a house located at 1523 North LeClaire Avenue, in Chicago, a Class 2 Felony, punishable by three to seven years in prison.

15. Defendant Toledo claimed he observed both men exiting the gate of the back yard of 1523 N. LeClaire.

16. Defendant Toledo did not, in fact, observe either Dion or Shannon exit the back yard of 1523 N. LeClaire Avenue, because neither of them were ever in the yard.

17. Neither Defendant Toledo, nor any other officer, observed Dion with any stolen property.

18. Neither Defendant Toledo, nor any other officer, observed Dion engage in theft or burglary.

19. No witness informed Defendant Toledo or any other officer that Dion had engaged in theft or burglary.

20. There was no physical evidence connecting Dion to any theft or burglary in or around 1523 N. LeClaire Avenue.

21. Neither Defendant Toledo, nor any other officer, had probable cause to believe Dion had committed, was committing, or was going to commit any crime.

22. Despite this, Defendant Toledo arrested Dion, placed him in custody, initiated and continued criminal charges against him, causing him to be incarcerated, and to contemplate the possibility of being imprisoned for up to seven years.

23. On September 26, 2019, after Sergeant Toledo testified at an evidentiary hearing, Cook County Circuit Judge Anjana M.J. Hansen issued a finding of no probable cause as to the criminal charges against Dion and Shannon. As a result, the charges were dismissed.

**COUNT I – FEDERAL CLAIM**
**VIOLATION OF DUE PROCESS**
**DEFENDANT TOLEDO**

24. Each paragraph of this Complaint is incorporated as if restated fully herein.

25. Defendant Toledo initiated criminal charges against Dion without probable cause and with malice, resulting in deprivation of his liberty without probable cause, in violation of the 14th Amendment to the U.S. Constitution

26. The charges were dismissed against Dion on September 26, 2019, in a manner indicative of his innocence.

27. As a proximate result of Defendant Toledo's misconduct, Dion suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

WHEREFORE, the Plaintiff, Dion Page, prays for judgment against Defendant Toledo in a fair and reasonable amount, including compensatory and punitive damages, reasonable attorneys' fees, and for any additional relief this Court deems just and proper.

**COUNT II – FEDERAL CLAIM**
**UNLAWFUL DETENTION**
**DEFENDANT TOLEDO**

28. Each paragraph of this Complaint is incorporated as if restated fully herein.

29. Defendant Toledo caused Dion to be detained unreasonably and without probable cause, resulting in his unlawful detention, in violation of the 4th Amendment to the U.S. Constitution

30. The charges were dismissed against Dion on September 26, 2019, in a manner indicative of his innocence.

31. As a proximate cause of Defendant Toledo's misconduct, Dion suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

WHEREFORE, the Plaintiff, Dion Page, prays for judgment against Defendant Toledo in a fair and reasonable amount, including compensatory and punitive damages, reasonable attorney's fees, and for any additional relief this Court deems just and proper.

## COUNT III – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANT TOLEDO

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. Defendant Toledo arrested Dion without probable cause to believe he had committed a crime, in violation of the 4th Amendment to the U.S. Constitution.

34. At all times relevant, Defendant Toledo was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of his employment as a Chicago police officer.

35. As a proximate cause of Defendant Toledo's misconduct, Dion suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

WHEREFORE, the Plaintiff, Dion Page, prays for judgment against Defendant Toledo in a fair and reasonable amount, including compensatory and

punitive damages, reasonable attorney's fees, and for any additional relief this Court deems just and proper.

### COUNT IV– STATE LAW CLAIM
### MALICIOUS PROSECUTION
### CITY OF CHICAGO

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. In the manner described more fully above, Defendant City of Chicago, by and through its agent, Defendant Toledo, accused Dion of criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Dion without any probable cause for doing so.

38. In so doing, Defendant City of Chicago, by and through its agent Defendant Toledo, caused Dion to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

39. Defendant Toledo's actions were committed under color of law and within the scope of his employment with the City of Chicago.

40. As a result of Defendant City of Chicago's aforesaid misconduct, Dion suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages

### .COUNT V -- INDEMNIFICATION CLAIM
### CITY OF CHICAGO

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

7

42. At all relevant times, CITY OF CHICAGO was the employer of Defendant Toledo.

43. Defendant Toledo committed the acts alleged above under color of law and in the scope of his employment as an employee of the CITY OF CHICAGO.

44. Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

WHEREFORE, should Defendant Toledo be found liable on one or more of the claims set forth above, the Plaintiff, DION PAGE, demands that, pursuant to Illinois law, Defendant CITY OF CHICAGO be found liable for any judgment plaintiff obtains against Defendant Toledo, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**DATED:** November 8, 2019

                                                             Respectfully submitted,

                                     By:    /s/ Jordan Marsh
                                                 Attorney for Plaintiff

Jordan Marsh
**Law Office of Jordan Marsh**
55 East Monroe Street, Suite 3800
Chicago, IL 60603
(312) 598-2828
jordan@jmarshlaw.com
Atty # 6216489 (IL)